UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE BARGNARE,

    Plaintiff,

v.                              Case No. 3:14cv438/RV/CJK

JAN SHACKELFORD, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Mr. Bargnare, a resident of Cantonment, Florida, proceeding *pro se*, has filed a notice of removal of two criminal cases from the First Judicial Circuit Court for Escambia County, Florida: *State v. Bargnare*, Case No. 2014-CF-000702, and *State v. Bargnare*, Case No. 2014-CF-000703. (Doc. 1, p. 1). Mr. Bargnare contends in his notice that 28 U.S.C. § 1441 provides grounds for removal to federal court. (Doc. 1, p. 1). Section 1441 allows for removal of civil actions, not criminal actions, and provides no basis for removal. 28 U.S.C. § 1441. Bargnare's notice also cites to 28 U.S.C. § 1446(c)(3). (Doc. 1, p. 2). Section 1446 provides the procedure for removal of civil actions. Section § 1446(c), in particular, governs removal of civil actions based on diversity of citizenship. This is not a civil case involving citizens of different states; thus, § 1446 provides no basis for removal.

The statute governing the removal of criminal cases, 28 U.S.C. § 1455, provides:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Because it plainly appears from the face of Bargnare's notice that there is no basis for him to remove his state criminal cases to federal court, the cases should be remanded.

Accordingly, it is respectfully RECOMMENDED:

1. That Mr. Bargnare's criminal cases, Escambia County Circuit Court Case Nos. 2014-CF-000702 and 2014-CF-000703, be REMANDED to the state court.

2. That the matter initiated by Mr. Bargnare's filing in this court be DISMISSED and the clerk be directed to terminate all pending motions and to close the file.

At Pensacola, Florida this 2nd day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).